IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| P. MICHAEL COLEMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0367-WS-M |
| | ) |
| UNUM GROUP CORPORATION, | ) |
| | ) |
|    Defendant. | ) |

### ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 7). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 7, 9, 10), and the motion is ripe for resolution.

### BACKGROUND

The one-page complaint was filed in state court on March 6, 2015. It alleges that the plaintiff became disabled in March 2012 and that the defendant paid monthly disability benefits until December 22, 2014. The defendant then stopped paying benefits and thereby breached the parties' contract. The complaint alleges that the defendant "owes accrued benefits of $30,441.67" and "prays that this Court will award compensatory damages in the amount of $30,441.67 plus interest as allowed by law." (Doc. 4 at 2). Although not disclosed by the complaint, the parties agree that the policy calls for payments of $14,050 per month during any period of disability as defined by the policy.

The defendant timely removed on the basis of federal question jurisdiction, specifically, ERISA super-preemption. *Coleman v. UNUM Group Corporation*, Civil Action No. 15-0192-WS-M ("*Coleman I*"). In his motion to remand, filed on May 1, 2015, the plaintiff stated as follows:

>Mike's future contract benefits through age 65 would total $590,100 assuming no major improvement. He has filed suit seeking accrued benefits, which totaled $30,441.67 on the date suit was filed and are accruing at the rate of $14,050 monthly.

*Coleman I*, Doc. 6 at 4. The Court ultimately granted the plaintiff's motion to remand. *Id*., Doc. 15.

Back in state court, the defendant served interrogatories on the plaintiff. (Doc. 4 at 71-73). On or about July 13, 2015, the plaintiff served his responses, which reflected that he is claiming monthly benefits of $14,050, beginning December 19, 2014 and increasing each day on a pro rata basis. (*Id*. at 92-93). The defendant removed on the basis of diversity on July 27, 2015.

There is no question but that diversity jurisdiction exists; the only issue is whether the defendant timely removed.[1] The plaintiff argues that the 30-day period for removal began to run either in March 2015 (based on the complaint); in May 2015 (based on his statement in *Coleman I*); or in early June 2015 (based on when accrued disability benefits first exceeded $75,000). The defendant argues the time for removal did not begin to run until it received the plaintiff's interrogatory responses in July 2015. Removal is timely under the defendant's argument and untimely under each of the plaintiff's arguments.

## DISCUSSION

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp*., 720 F.3d 876, 882 (11th Cir. 2013); *accord Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). "The removing defendant's burden extends to demonstrating, when properly challenged, its compliance with the procedural requirements for removal." *Tucker v. Equifirst Corp*., 57 F. Supp. 3d 1347, 1349 (S.D. Ala. 2014).

---

[1] The plaintiff did not waive this objection to removal procedure, since he moved to remand within five days of removal. 28 U.S.C. § 1447(c).

Section 1446 contains two provisions addressing the timeliness of a notice of removal, both of which are relied upon by the parties. First, the notice of removal "shall be filed within 30 days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based [or, in rare circumstances, within 30 days of service of summons alone]." 28 U.S.C. § 1446(b)(1). Second, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3).

### A. Removal Based on the Complaint.

As noted, the complaint demands precisely $30,441.67, far below the jurisdictional threshold. The plaintiff nevertheless insists the defendant was legally required to remove on the basis of diversity within 30 days of being served with the complaint, on pain of being forever barred from removing on that basis. (Doc. 7 at 4-5). The plaintiff points to Section 1446(c)(2), which permits a defendant served with a complaint demanding a sum certain below the jurisdictional threshold to remove (so long as state practice does not cap recovery at the amount demanded)[2] and to remain in federal court if the defendant proves by a preponderance of the evidence that the amount in controversy actually exceeds $75,000.[3] Because such a case "<u>may</u> be removed at inception," the

---

[2] Alabama appears to be such a state. *Harris v. Aghababaei*, ___ F. Supp. 3d ___, 2015 WL 350784 at *3 (M.D. Ala. 2015); *accord Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

[3] As several sister courts have observed, this 2011 provision supersedes the "legal certainty" standard adopted for such cases in *Burns*. *Harris*, 2015 WL 350784 at *3; *Perez v. Cellco Partnership*, 2014 WL 2215745 at *2 (M.D. Fla. 2014) (Moody, J.); *Wilt v. Depositors Insurance Co.*, 2013 WL 6195768 at *5 (M.D. Fla. 2013) (Honeywell, J.). The legislative history confirms this. H.R. Rep. 112-10, 2011 U.S.C.C.A.N. 576, 2011 WL 484052 at *16 (2011) (preponderance standard adopted because "[t]he 'sum claimed'

3

plaintiff concludes that "it must be removed then." (Doc. 7 at 4-5 (emphasis in original)).

The plaintiff's only authority for this extraordinary proposition is a sound bite from a nineteenth-century Supreme Court opinion to the effect that the removal statute (as it then existed) "manifests the intention of congress [sic] that the petition for removal should be filed at the earliest possible opportunity." *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 100 (1898). The plaintiff does not acknowledge the Supreme Court's pronouncement, in the next paragraph, that "the incidental provision as to the time [of removal] must, when necessary to carry out the purposes of the statute, yield to the principal enactment as to the right." *Id*.

Sections 1446(c)(2) and (3) were adopted in 2011. Their purpose is not to compel all defendants to immediately remove every case involving diverse parties even when the complaint on its face seeks less than the jurisdictional threshold. On the contrary, Congress enacted these provisions to *reduce* reflexive removals by defendants fearful the 30-day clock of Section 1446(b)(1) might be running:

> Section 103(b)(3)(C) [adding Sections 1446(c)(2) and (3)] address[es] issues relating to uncertainty of the amount in controversy when removal is sought …. Although current practice allows defendants to claim that the jurisdictional amount is satisfied and remove, several issues complicate this practice.
> First, … [t]he 'sum claimed' and 'legal certainty' standards … have not translated well to removal …. Second, many defendants faced with uncertainty regarding the amount in controversy remove immediately – rather than waiting until future developments provide needed clarification – out of a concern that waiting and removing later will result in the removal's being deemed untimely. In these cases, Federal judges often have difficulty ascertaining the true amount in controversy, particularly when removal is sought before discovery occurs. As a result, judicial resources may be wasted and the proceedings delayed when little or no objective information accompanies the notice

---

and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally filed in Federal court have not translated well to removal ….").

to remove.

H.R. Rep. 112-10, 2011 U.S.C.C.A.N. 576, 2011 WL 484052 at *15-16 (2011). Thus, while the new provisions allow a defendant to successfully remove an action in which less than $75,000 is demanded, they also discourage the practice by reassuring defendants that, when they "lac[k] information with which to remove within the 30 days after the commencement of the action," information from the state proceedings reflecting the amount in controversy will be deemed an "other paper" for purposes of triggering a second 30-day removal period under Section 1446(b)(3). *Id*. at *16.

Moreover, the plaintiff's position contradicts that of the many Courts of Appeal which hold that, "for the purposes of the first paragraph of § 1446(b) [now § 1446(b)(1)], the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading *only* when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added); *accord Walker v. Trailer Transit, Inc*., 727 F.3d 819, 824 (7th Cir. 2013) ("The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that … specifically disclose[s] the amount of monetary damages sought."); *Moltner v. Starbucks Coffee Co*., 624 F.3d 34, 38 (2nd Cir. 2010) ("We … hol[d] that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."); *Harris v. Bankers Life and Casualty Co*., 425 F.3d 689, 695 (9th Cir. 2005) ("We join the other circuits that have adopted the same approach to indeterminate pleadings – the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."); *In re: Willis*, 228 F.3d 896, 897 (8th Cir. 2000) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in

excess of the federal jurisdictional amount."); *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[T]he grounds for removal must appear on the face of the initial pleading in order for the 30-day clock then to begin to run ….").[4]

"[W]here, as here, Congress adopts a new law [Sections 1446(c)(2) and (3)] incorporating sections of a prior law [Sections 1446(b)(1) and (3)], Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute." *Lorillard v. Pons*, 434 U.S. 575, 581 (1978). In such a situation, "if Congress had intended [to counter that interpretation], it presumably would have explicitly said so." *In re: Witcher*, 702 F.3d 619, 623 (11th Cir. 2012). Congress in 2011 said nothing expressing disagreement with the principle that the removal period begins to run only when the complaint discloses on its face that more than $75,000 is in controversy, either by express demand or by factual allegations permitting simple calculation of the amount in controversy. Congress' silence is incompatible with a legislative intent to force defendants to immediately remove cases in which a sum certain under $75,000 is demanded.

Finally, the plaintiff's proposal is also irretrievably at odds with Eleventh Circuit precedent.

> Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal. So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception.

---

[4] While this "bright-line test varies in severity among the circuits," among even the most lenient the 30-day removal period is triggered only "if the plaintiff's paper includes a clear statement of the damages sought or if the plaintiff's paper sets forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation," and even then the defendant "has no duty … to investigate or to supply facts outside of those provided by the plaintiff." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014).

> We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

*Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *accord Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003). The "legal certainty" test that the *Burns* Court derived from these principles has been superseded by the preponderance standard of Section 1446(c)(2), but the principles themselves remain in place. That is, counsel for plaintiffs still have ethical obligations that entitle defendants (and courts) to assume plaintiffs' counsel are being honest and competent when they demand a sum certain below the jurisdictional threshold. Under the plaintiff's vision, defendants would be penalized for not assuming plaintiffs' counsel are dishonest and incompetent.

Even had the defendant removed initially on the basis of diversity, it could not have done so successfully. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later,"[5] and it is painfully obvious there was not $75,000 in controversy on or before April 12, 2015.[6] The complaint explicitly seeks only "accrued benefits," (Doc. 4 at 2),[7] and it establishes the first date of unpaid benefits as January 1,

---

[5] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

[6] Removal under Section 1446(b)(1) is required within 30 days of service of the complaint, and the defendant was served on March 13, 2015. (Doc. 4 at 12).

[7] The plaintiff says that, without alleging repudiation (which he does not), it would be improper under Alabama law for him to sue for contract benefits before they are due. (Doc. 10 at 1). It is beyond cavil that the complaint does not seek recovery of any increment of disability benefit before it comes due.

2015.[8]  As of April 12, 2015, then, no more than $47,769.97 could have been in controversy.  The plaintiff admits this, insisting weakly that the defendant was legally required to remove "immediately" based on the complaint because its liability *in the future* "will exceed $75,000."  (Doc. 7 at 5).  The plaintiff's unsupported and inexplicable suggestion that a defendant forever loses the right to remove if he does not immediately remove a presently non-removable case[9] merits no further discussion.[10]

### B.  Removal Based on *Coleman I*.

According to the plaintiff, the significance of the statement in his motion to remand that he is "seeking accrued benefits" that "are accruing" at the rate of $14,050 per month is that it alerted the defendant "that those damages are increasing."  (Doc. 7 at 2).  No doubt it did so, but it did not trigger removability under Section 1446(b)(3).

By its terms, a motion triggers the 30-day removal period only if it may be ascertained from the motion "that the case is one which is or has become removable," that is, that the action is *presently* removable.  "The statutory language [of Section 1446(b)(3)] speaks of a motion or other paper that discloses

---

[8] The complaint was filed March 6, 2015.  Two months of benefits is $28,100, and five days of benefits is $2,341.67.  The sum is $30,441.67 – the precise amount demanded in the complaint.

[9] Section 1446(b)(1) "deals with civil actions that are removable at the time of commencement."  *Pretka*, 608 F.3d at 757.  Since subject matter jurisdiction was lacking in April 2015, this action was not removable at commencement, and the 30-day period of Section 1446(b)(1) could not possibly be triggered.

[10] The plaintiff hints he would not have denied the existence of subject matter jurisdiction had the defendant removed.  (Doc. 7 at 4; Doc. 10 at 1, 2).  That is of course irrelevant, as jurisdiction cannot be conferred by consent, *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 851 (1986), and the Court's independent obligation to ensure it has subject matter jurisdiction, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), would have required remand regardless of the plaintiff's hypothetical acquiescence.

that the case is or has become removable, not that it may sometime *in the future* become removable ….." *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (emphasis added).

The motion to remand was filed on May 1, 2015, by which date no more than $56,668.33 of disability benefits had accrued. The motion to remand thus could not reveal that the action "is or has become removable"; like the complaint itself, the motion to remand could at best reveal that the action probably (barring medical improvement) would become removable sometime in the future. "It would be fantastic to suppose that the time for removing a case could run before the case became removable ….." *Sullivan*, 157 F.3d at 1094.

As with the complaint, had the defendant removed based on the motion to remand, he would have been swiftly booted back to state court, because subject matter jurisdiction was lacking both on May 1 and thirty days later.[11] Again, the plaintiff is in the untenable position of arguing that the defendant should be barred from removing the action now because it failed to remove when the action was non-removable.

### C. Removal Based on the Passage of Time.

Using the plaintiff's daily accrual method, the amount in controversy finally topped $75,000 on June 11, 2015.[12] It is clear that the defendant could have properly removed on the basis of diversity on that date; according to the

---

[11] As of May 31, 2015, the amount in controversy could not have exceeded $70,250 (five monthly benefits of $14,050).

[12] In brief, the plaintiff suggests the non-payment period actually began on December 19, 2014, such that the amount in controversy exceeded $75,000 as of May 31, 2015. (Doc. 7 at 2-3). As noted, however, the complaint (which is the defining document for amount-in-controversy purposes, since it sets forth what the plaintiff demands) makes clear that the period for which benefits were not paid began on January 1, 2015. *See* note 8, *supra*.

plaintiff, the 30-day period for removal also began to run on that date, rendering the defendant's July 27 removal untimely.

The problem for the plaintiff is that Section 1446 sets forth the only two events that can trigger the running of the removal period: receipt of the original complaint or receipt of a "paper." And, as discussed in Part B, the case must be presently removable when the "paper" is received.[13] Thus, to begin the 30-day clock, the plaintiff was required to present the defendant, on or after June 11, a paper reflecting that over $75,000 was now in controversy. The plaintiff repeatedly stresses that the defendant "knew" subject matter jurisdiction existed as of June 11. Even if this is correct,[14] it is legally irrelevant; the 30-day deadline is triggered by the receipt of paper, not by the defendant's awareness that it can now properly remove.[15]

### D. Receipt of Interrogatory Responses.

On or about July 13, 2015, the plaintiff served interrogatory responses stating he was, as of that date, claiming seven monthly payments of $14,050 each. (Doc. 4 at 5-8). These responses reflect that more than $75,000 is now in controversy. They also constitute the first "paper" within the contemplation of Section 1446(b)(3) received by the defendant reflecting that the case "is or has become removable." The 30-day removal window of Section 1446(b)(3) opened

---

[13] The plaintiff does not assert that the removal period of Section 1446(b)(1) is in play, and it plainly is not. As noted, that provision applies only when the action is removable when filed, *see* note 9, *supra*, and this action, for want of subject matter jurisdiction, was not then removable. *See* Part A, *supra*.

[14] The defendant says it did not know the amount in controversy had reached $75,000, because it did not know (since the plaintiff would not say) whether the plaintiff claimed to remain disabled (and thus eligible for disability benefits) after May 1.

[15] *E.g., Pretka*, 608 F.3d at 760 ("The renewed removal window opens, but only for thirty days, when the defendant receives a document …."); *id*. ("Under the second paragraph of § 1446(b) [now Section 1446(b)(3)], the defendant's receipt of a document indicating that the case has become removable opens a new 30-day window for removal.") (internal quotes omitted).

on July 13, making the defendant's July 27 removal timely. Moreover, the interrogatory responses unambiguously establish that more than $75,000 is in controversy.[16]

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **denied**.

DONE and ORDERED this 9th day of September, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[16] *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) ("[I]n assessing the propriety of removal, the court considers … a later received paper … and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."); *but see SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1250 (S.D. Ala. 2010) (questioning the *Lowery* Court's authority to require unambiguous proof of the amount in controversy under Section 1446(b)(3), in light of prior panel precedent establishing a preponderance standard).