IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAUL MICHAEL COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-00367-WS-N |
| | ) | |
| UNUM GROUP CORP. and | ) | |
| PAUL REVERE LIFE INS. CO., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This action is before the Court on the following: Plaintiff's Motion to Determine Sufficiency and/or Further Compel Under Rule 37 (doc. 86); Plaintiff's Motion for Leave to File Discovery Motion Out of Time (doc. 87); Defendant's Motion to Compel Authorization of Release of Social Security Records (doc. 83); responses thereto (Docs. 85, 96) and attached documents.[1] Oral argument was held before the undersigned Magistrate Judge on August 12, 2016. Present were Forrest S. Latta, Esq., counsel for Plaintiff, and James S. Williams, Esq., counsel for Defendants.

**A. Plaintiff's Motion to Determine Sufficiency and/or Further Compel**

Plaintiff's Motion for Leave to File (Doc. 87) this discovery motion out of date is **GRANTED**. Upon consideration, and for reasons more fully stated on the record at the motion hearing (*see* doc. 97), it is **ORDERED** that Plaintiff's Motion to

---

[1] Under S.D. Ala. GenLR 72(b), this discovery motion has been referred to the undersigned Magistrate Judge for disposition in accordance with 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a), and S.D. Ala. GenLR 72(a)(1) & (a)(2)(S).

1

Determine Sufficiency and/or Further Compel is **GRANTED in part and DENIED in part**, as follows:

1. The Motion Compel is **DENIED** as to Request for Production No. 4 of the Second Request for Production (seeking "[a]ll documents continuing communications by Jack McGarry to any Unum employee on the subject of how claims should be handled with Unum's closed block book of individual disability insurance."). Defendant Unum Corporation asserted that it has "conducted a diligent search and made reasonable inquiry for documents," without finding any documents responsive to the request. Doc. 86 at 4. Plaintiff has made no showing that this statement is untrue.[2]

1. The Motion to Compel is **DENIED** as to Request for Production No. 14 of the Third Request for Production (seeking "Management Duration Guidelines for 2012, 2013 and 2014"). Defendant Unum Corporation has asserted that no such document exists. Doc. 86 at 5; *see also* Doc. 97. Again, Plaintiff has made no showing that Defendant's statement is untrue.

2. The Motion to Compel is **GRANTED in part, and DENIED in part**, as to Request for Production No. 8 of the Third Request for Production (seeking "Benefit Center Recognition Programs Summary

---

[2] Plaintiff further maintains that a footnote in an unrelated case out of the Middle District of Florida which refers to six emails from Jack McGarry is evidence that defendant is not forthcoming in its responses. For the reasons stated on the record the undersigned disagrees.

Brochure for 2012, 2013, 2014."). Plaintiff's counsel notes that it has already produced the brochure which was in effect in the first quarter of 2013 (*see* Doc. 86-3 at 11) and asserts that no iteration of the document was in effect after that date. Doc. 96 at 6. Plaintiff is **ORDERED** to produce, on or before **Thursday, August 18, 2016**, the Benefit Center Recognition Programs Summary Brochure which was in effect in 2012.

3. The Motion to Compel is **GRANTED** as to Requests for Production Nos. 2, 3, 7, 10, 11, and 17 of the Third Request for Production regarding production of responsive 2012 documents. Plaintiff filed his claim with Defendant Unum Corporation in December 2012. *See, e.g.*, Doc. 86-2. Thus, 2012 internal documents may be relevant to the disposition of Plaintiff's claim with Unum Corporation. Defendant is **ORDERED** to produce, on or before **Thursday, August 18, 2016**, all 2012 documents responsive to Requests for Production Nos. 2, 3, 7, 10, 11, and 17 of the Third Request for Production.

B. **Defendants' Motion to Compel Authorization of Release of Social Security Records**

Defendant's Motion to Compel Plaintiff to Authorize Release of Social Security Records (Doc. 83) is **GRANTED**. Plaintiff at no point objected to the production of social security records or to the subpoena issued to the Social Security Administration seeking those records. Doc. 83 at 1-3. Further, Plaintiff's counsel

acknowledges no reason—other than a lack of a Federal Rule of Civil Procedure specifically requiring production—why the social security records should not be produced. Doc. 85 at 1-2. The Plaintiff is **ORDERED** to authorize, on or before **Thursday, August 18, 2016**, the release of all records in the possession of the Social Security Administration pertaining to Plaintiff's application for or receipt of social security benefits.

      **DONE** and **ORDERED** this the 15th day of August 2016.

                                       */s/ Katherine P. Nelson*
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**